# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE:

   Francis Nickson C Bumatay                       Case No. 11-46747
     aka Francis Nickson Bumatay               Judge A. Benjamin Goldgar
   Chuchi Laigo                                        Chapter 13

                Debtors,
_____/

### NOTICE OF MOTION TO EXTEND TIME TO FILE A RESPONSE TO THE TRUSTEE'S NOTICE OF FINAL CURE *INSTANTER*

Counsel for Carrington Mortgage Services, LLC as servicer for Wells Fargo Bank, N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates has filed a Motion to Extend Time to File a Response to the Trustee's Notice of Final Cure *Instanter*.

**PLEASE TAKE NOTICE** that the court will hold a hearing on the motion to extend time to file a response and to waive the provisions of Fed.R.Bankr.P.4001(a)(3).

This hearing will take place on May 19, 2017 at <u>9:30</u> a.m**.** before the Honorable A. Benjamin Goldgar at, North Branch Court, 1792 Nicole Lane, Round Lake Beach, Illinois 60073.

Dated: May 2, 2017                  */s/ Caleb J. Halberg*

### AFFIDAVIT OF SERVICE

I, Catherine Scanlan, declare under the penalty of perjury that on the **2<u>nd</u>** day of May 2017, I served a copy of the Notice of Motion and Motion to Extend Time to File a Response to the Trustee's Notice of Final Cure and Affidavit of Service upon:

| | | |
|---|---|---|
| Francis Nickson C Bumatay | John P. Carlin | David Chang |
| Chuchi Laigo | 1305 Remmington Road, Suite C | 1990 E Algonquin Road |
| 546 W. Galeton Dr. | Schaumburg, IL 60173 | #260 |
| Round Lake, IL 60073 | | Schaumburg, IL 60173 |
| | | |
| Office of the US Trustee | Glenn B. Stearns | |
| 219 S. Dearborn St | 801 Warrenville Road, Suite 650 | |
| Room 873 | Lisle, IL 60532 | |
| Chicago, IL 60604 | | |

By placing same in a well sealed envelope, by first class mail, with the proper prepaid postage thereon and depositing same in a United States Mail receptacle in the City of Rochester, State of Michigan to the Debtor and via CM-ECF electronic filing to Office of the US Trustee.

                                          */s/ Catherine Scanlan*
                                          Catherine Scanlan
**UNITED STATES BANKRUPTCY COURT**

## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE:                                                      Case No. 11-46747
   Fraincis Nickson C. Bumatay                          Chapter 13
    aka Francis Nickson Bumatay                       Judge A. Benjamin Goldgar
   Chuchi Laigo

                              Debtors,
_____/

Potestivo & Associates, P.C.
Keith H. Werwas (ARDC#6291042)
Kimberly J. Goodell (ARDC#6305436)
Ashley K. Rasmussen (ARDC#6308095)
Caleb J. Halberg (ARDC#6306089)
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
chalberg@potestivolaw.com
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Carrington Mortgage Services, LLC
Our File No.: C11-52976

John P Carlin
Suburban Legal Group PC
1305 Remmington Road, Suite C
Schaumburg, IL 60173
(847)843-8600
jcarlin@suburbanlegalgroup.com
_____/

## MOTION TO EXTEND TIME TO FILE A RESPONSE TO THE TRUSTEE'S NOTICE OF FINAL CURE *INSTANTER*

      **NOW COMES** Carrington Mortgage Services, LLC as servicer for Wells Fargo Bank, N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates. ("Movant") moves this Court pursuant to Fed. R. Bankr. P. 9006(b) for an Extension of Time to File a Response to the Trustee's Notice of Final Cure *Instanter*, and in support of this Motion, the Movant states:

   1.    On November 18, 2011, the Debtors filed a petition under Chapter 13 of the U.S. Bankruptcy Code.

2. The Trustee filed a Notice of Final Cure pursuant to Fed. R. Bankr. P. 3002.1(f) on February 9, 2017.

3. On April 16, 2017, a Discharge Order for Both Debtors was entered.

4. Carrington holds a mortgage loan secured by the Debtors' principal residence, but did not timely file a Response to the Trustee's Notice of Final Cure ("Response") before the deadline of March 2, 2017.

5. Carrington needed to prepare a complete post-petition payment history in order to file the Response. Once the payment history was done, Carrington needed to do a payment change notice ("PCN") reconciliation to ensure that payments were being rolled at the correct amount. Carrington found escrow analyses that needed to be cancelled, which caused the escrow to have a shortage. At that point, Carrington needed to request funds for misapplications and advances to cure the escrow shortage.

6. Except under certain circumstances not applicable here, "when an act is required or allowed to be done at or within a specified period by these rules… the court for cause shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1)

7. The U.S. Supreme Court has construed the phrase "excusable neglect" as it is used in Fed. R. Bankr. P. 9006(b)(1) to expand beyond the traditional formulation of "intervening circumstances beyond the party's control," and held that it also included "inadvertence, mistake, or carelessness…." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, et al.*, 507 U.S. 380, 388, 113 S. Ct. 1489 (1993). Ultimately, the Court stated, the determination is an equitable one that takes into account all of the surrounding circumstances. *Id.* at 395.

8. Here, Carrington's failure to timely file the Response was excusable neglect due to the fact that it needed to run reconciliations on the account, the necessity of which it was not aware of until it requested the full post-petition payment history.

9. Debtors were aware of their responsibility to maintain the ongoing payments directly to the mortgage creditor.  A motion for relief from stay was filed on December 29, 204 (Doc. No. 52) and ultimately resolved by an agreed order on April 15, 2015 (Doc. No. 60).  Therefore, the late filing of the Response to the Trustee's Notice of Final Cure will not come as a surprise to the Debtors as they are aware of the fact that they have not been maintaining payments.

10. Carrington has completed its reconciliations of the account and is now able to file its Response.  A true and correct copy of Carrington's Response to the Trustee's Notice of Final Cure Payment is attached as **Exhibit 1**.  Carrington seeks leave to file said Response *instanter*.

**WHEREFORE**, Carrington Mortgage Services, LLC as servicer for Wells Fargo Bank, N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates. ("Movant") respectfully request an order extending time to file a response to the trustee's Notice of Final Cure *instanter*, as set forth above and for such further relief as the Court deems necessary and just under the circumstances.

Dated:  May 2, 2017

*/s/ Caleb J. Halberg*
Potestivo & Associates, P.C.
Caleb J. Halberg (ARDC#6306089)
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
chalberg@potestivolaw.com
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Carrington Mortgage Services, LLC
Our File C11-52976